John Malone, admr. for Thos. Malone v. Thos. Doyle.

*Question for jury—Gift or bequest.*

A dying man, who owned a couple of notes, gave them to a priest to pay for masses and funeral expenses. He also asked the priest to draw his will, which the priest did, but in doing so he accounted for the notes by describing himself as legatee thereof, and it is said he did so without testator's direction. The will was void for defective execution. *Held,* in trover by the administrator against the maker of one of the notes, that it was for the jury to decide whether the transfer of the notes to the priest was meant as a gift or a bequest.

Error to Kent. (Montgomery, J.)   Oct. 23.—April 9.

Trover.   Defendant brings error.   Reversed.

*John C. Quinsey, E. S. Eggleston* and *S. D. Clay* for appellant.

*Maher & Felker* for appellee.

Sherwood, J. This was an action of trover for the recovery of the value of a promissory note for $200, given by the defendant to plaintiff's intestate, and which plaintiff claims belonged to said intestate at the time of his death. It is claimed, on the part of the defendant, that the note does not belong to the estate; that Thomas Malone, a short time before his death, and in anticipation thereof, gave the note in question, together with another note of like amount, to T. D. Flannery, a Catholic priest, with directions to use the proceeds to defray his (Malone's) funeral expenses, and have masses said for the repose of his soul, with the balance ; that after Mr. Malone's death the note was paid to Father Flannery by defendant, and the proceeds applied in accordance with the requirements of the trust. The court directed a verdict for plaintiff, and defendant appeals.

The testimony is uncontradicted that on the day upon which Mr. Malone died, Father Flannery visited him, and administered the last rites of the church. After doing this

he started to return to his home, but was called back by Mr. Malone and requested to draw his will. Before the will was drawn, Mr. Malone took from his pocket two notes—one of which was the note in question—and delivered them to Father Flannery with the directions above stated. After having received the notes, Father Flannery drew the following paper, which was signed by Mr. Malone, and intended as his last will (but as the record states, was held ineffectual for the purpose, on account of imperfect execution), viz. :

"GRATTAN, March 29th, 1883.

I, Thomas Malone, in sound mind and about to appear before my God, bequeath my property as follows:

I leave to Rev. T. D. Flannery the sum of four hundred dollars ($400) to pay my funeral expenses and have masses said for the repose of my soul.

Moreover, I bequeath the sum of eight hundred dollars ($800), which belongs to me in a certain mortgage which I hold against Mr. Ranney's farm, as follows: two hundred dollars to my daughter Mary ; two hundred dollars to my daughter Ellen ; two hundred dollars to my daughter Bridget; one hundred dollars to Mrs. Michael Malone ; and one hundred dollars to Mrs. Patrick Malone; and I also appoint D. A. Doyle my executor, who will take charge of everything and see to the distribution of my property."

The circuit judge held that the will having been made immediately after the giving of the notes to Father Flannery, it constituted a part of the same transaction ; and the notes being disposed of in the will [by the bequest of the four hundred dollars] the jury must necessarily find that Mr. Malone intended a testamentary disposition of the notes, and not a gift of the same,—in other words, that he did not intend to part with the title and control of the notes when he handed them to Father Flannery.

These circumstances, no doubt, tended very strongly to support the views of the circuit judge. But they are not conclusive, and the testimony on the part of defendant in support of the opposite view is at least fully as strong. Father Flannery's testimony tends to show that the notes were given to him as his property, subject to the trust; that Mr. Malone parted with the ownership and control of the

same when he delivered possession of them to witness, and never after assumed to control them ; that the part of the will disposing of the four hundred dollars was written by Father Flannery without Mr. Malone's direction and without consulting him, for the purpose of having it appear where that part of the property had gone.

Under the law as laid down in the case of *West v. White's Estate* ante, p. 126, decided at the last term of this Court, and which we think rules this case, there was much testimony to support the defendant's theory of the case ; and it should have been left to the jury to determine what disposition Mr. Malone made of the note, if any.

Upon the trial defendant further claimed that if the note *did* belong to the estate, he " had the right to show that the proceeds of the note had gone into the estate, and had been paid out to discharge the burial expenses of the deceased." This question is not presented upon the record in such manner that we feel called upon to consider it.

The judgment of the circuit court must be reversed and a new trial granted.

The other Justices concurred.